

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 3 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA

v.

BRANDY RENE TORRES (1)
a/k/a "BRANDY RENE CEDILLO"

No. 4:17-CR-244-Y

## FACTUAL RESUME

INFORMATION

    Count One - Bank Fraud, in violation of 18 U.S.C. § 1344(2).

PLEA:

    Count One - Bank Fraud, in violation of 18 U.S.C. § 1344(2).

PENALTY:

The penalties the Court can impose include:

a.   imprisonment for a period not more than 30 years;

b.   a fine not to exceed $1,000,000, or twice the amount of criminally derived property involved in the transaction(s);

c.   a term of supervised release of not more than five years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for all or part of the term of supervised release, and multiple revocations of supervised release may result in a term of imprisonment that exceeds the maximum term of supervised release;

d.   a mandatory special assessment of $100;

e.   restitution to victims or to the community, which may be mandatory under the law, and which includes restitution arising from the scheme of conviction, as set forth in the information; and

f.   costs of incarceration and supervision.

**Factual Resume – Page 1**

ELEMENTS OF THE OFFENSE:

In order to find the defendant guilty of the charged offense of bank fraud in violation of 18 U.S.C. § 1344(2), a jury would have to be convinced that the government proved each of the following beyond a reasonable doubt:

First:   That the defendant knowingly executed a scheme or artifice as set out in the information;

Second:   That the scheme or artifice was executed to obtain money or other property from a financial institution;

Third:   That the scheme or artifice was executed by means of false or fraudulent pretenses and representations; and

Fourth:   That the false or fraudulent pretenses and representations were material.

STIPULATED FACTS:

At all relevant times, Liberty Bank, located in the Fort Worth Division of the Northern District of Texas, was a financial institution as defined by 18 U.S.C. § 20, in that, it was insured by the Federal Deposit Insurance Corporation. Plaster Pros is a limited liability company registered in the State of Texas that installs and repairs plaster on swimming pools, located in Fort Worth, Texas. S.A.H. was the company president and J.C.H. was the vice president. Both S.A.H. and J.C.H. were directors of the company. Plaster Pros opened and maintained a company bank account at Liberty Bank, account number xxxx5781, located at 6330 Davis Boulevard, North Richland Hills, Texas. S.A.H. and J.C.H. were the only authorized signatories on the account.

Defendant Brandy Rene Torres was employed during 2012 through 2015, as the Office Manager for Plaster Pros. Her duties included taking calls from customers, scheduling jobs, ordering materials, processing accounts payable, creating checks to pay

invoices and utilities, and maintaining QuickBooks. She did not have check writing authority on the Plaster Pros account at Liberty Bank.

Infiniti Surfaces was registered with the Dallas County Clerk's Office on September 14, 2010, as a retail flooring business by J.C., Torres's boyfriend at the time. Its business address was listed as an address in Fort Worth, Texas, which was the home J.C. had shared with Torres. On June 8, 2013, J.C. opened a business account in the name of Infiniti Surfaces at JP Morgan Chase Bank, account xxxx9150. Torres, also known as Brandy Cedillo, was listed as an authorized writer on the account under the name Cedillo. J.C. intended that Torres maintain accounting records for Infiniti Surfaces when the business became operational. Infiniti Surfaces, (Infiniti or Infinity), however, never opened for business. J.C. neither used the account after opening it, nor received bank statements.

Beginning in or around January 2013, and continuing until in or around February 2015, in the Northern District of Texas, and elsewhere, the defendant, Brandy Rene Torres, knowingly and willfully devised and executed a scheme and artifice to obtain money, funds, and credits under the custody and control of Liberty Bank, by means of material false and fraudulent pretenses and representations.

Torres requested J.C.H. to sign blank Plaster Pros checks, claiming that she would use the checks to pay legitimate vendors but, instead, she made those checks payable to Infiniti Surfaces or Brandy Cedillo, though neither payee was entitled to the funds. She also forged the authorized signatures of S.A.H. and J.C.H. on Plaster Pros company checks and made those checks payable to either Infiniti Surfaces or Brandy Cedillo.

Between about June 14, 2013 through January 26, 2015, Torres issued 117 fraudulent checks, payable to Infiniti Surfaces, totaling $268,486.24, which were deposited into the Infiniti Surfaces account at JP Morgan Chase, xxxx9150. Similarly, between about January 25, 2013 through January 16, 2015, Torres issued 20 fraudulent checks, payable to Brandy Cedillo, totaling $7,523.71, which were deposited into her personal Chase account, number xxxx7964. These checks were not authorized payroll checks. To conceal her fraud, Torres would make false entries in QuickBooks when recording a check's purpose and/or false notations in the memo section of the checks.

Specifically, on or about July 22, 2013, in the Fort Worth Division of the Northern District of Texas and elsewhere, Torres, also known as Brandy Cedillo, knowingly and willfully executed and attempted to execute the previously described scheme and artifice to obtain money and funds under the custody and control of Liberty Bank, by means of material false pretenses and representations, in that, Torres forged J.C.H.'s signature on Plaster Pros check number 3481, totaling $3,300.00 and drawn on Liberty Bank, which check she made payable to Infiniti Surfaces and deposited into her Infiniti Surfaces account at JP Morgan Chase bank.

AGREED AND STIPULATED on this 10th day of November, 2017.

_____
Brandy Rene Torres
Defendant

_____
Mark A. Perez
Counsel for Defendant